


Ryan Smith
Ryan@NCLawyerNow.com
Direct: 919-809-3807

**VIA ECF on 07/06/2018**

Honorable P. Kevin Castel
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, NY 10007

*Re: In re Fyre Festival Litigation,* Civil Action No. 1:17-CV-03296-PKC

Dear Judge Castel,

This firm represents defendant Jeffrey Atkins in the above-referenced matter. We write seeking the Court's permission both to file a motion to dismiss the Second Amended Consolidated Class Action Complaint (the "SAC") pursuant to Fed. R. Civ. P. 12(b)(6) and to file an oversized brief of not more than 40 pages. The Court previously had granted Mr. Atkins' requests addressed to the First Amended Consolidated Class Action Complaint (the "FAC"). However, following Plaintiffs' request to file the SAC, the Court directed Mr. Atkins to evaluate the SAC and file a revised pre-motion letter address to the SAC. Because the SAC fails to remedy the deficiencies found in the FAC, we again make this application. The next conference in this matter is scheduled for November 30, 2018.

As the Court may recall, this matter involves a music event called The Fyre Festival, which was supposed to be held in the Bahamas on two separate weekends in 2017. Plaintiffs seek damages arising from the event's cancellation and have sued the corporate parent (Fyre Media, Inc.) of the entity organizing the event (Fyre Festival, LLC), along with three individuals, including our client, Mr. Atkins. Fyre Festival, LLC is not named as a defendant, presumably because it has been placed into bankruptcy. Plaintiffs allege 13 different causes of action, including 6 common law claims and 7 claims relating to various states' consumer protection statutes. While 13 out of 15 of the causes of action are laid against all defendants, the SAC rarely differentiates between the defendants, instead repeatedly alleging, "Defendants including Atkins, Margolin, and McFarland" made certain representations, omissions, etc. This rote listing of every individual defendant is insufficient to provide a basis for claims against Mr. Atkins specifically.

The proposed motion's primary bases are: (1) Plaintiffs' claims are governed by a contract with Fyre Festival LLC, to which Mr. Atkins is not a party, (2) the common law tort claims are improper because they are derivative of a purported breach of contract, (3) Plaintiffs have failed to allege facts sufficient to state causes of action against Mr. Atkins individually under any common law or state statutory claim, and have certainly failed to meet the heightened pleading requirements of Rule 9(b) required for most claims, and (4) the governing contracts with the Plaintiffs contain a New York choice of law provision that preclude all but one of the state consumer protection statutes alleged in the SAC.

In their Fifth Cause of Action, Plaintiffs assert a breach of contract claim against Fyre Media, Inc. only. These allegations relate to a contract embodied in a binding Terms of Service agreement (the "Contract" or "Contracts") accepted and entered into by each Plaintiff and Fyre Festival, LLC. The Contract addresses Fyre Festival issues including ticket purchasing, related expenditures, and dispute resolution. Mr. Atkins is not a party to any of these Contracts.

The existence of the Contract precludes Plaintiffs from bringing tort claims related to the same subject matter, absent the existence of a legal duty distinct from the breach of contract. *Clark-Fitzpatrick, Inc. v. Long Island Railroad Company* 70 N.Y.2d 382, 389 (1987). A cause of action seeking tort damages cannot stand when such claims are inextricably related to the breach of contract claim. *See Rockefeller University v Tishman Const. Corp of N.Y.*, 659 N.Y.S.2d 460 (1st Dep't 1997). *See also Int'l Cabletel, Inc. v. Le Groupe Videotron Ltee,* 978 F. Supp 483, 487 (S.D.N.Y. 1997) ("a false promise can support a claim of fraud only where that promise was 'collateral or extraneous' to the terms of an enforceable agreement..." (cit. om.))

Here, all of Plaintiffs' tort claims (e.g. negligence, gross negligence, negligent misrepresentation, tortious interference with contract) arise from and are inextricably linked to the purported breach of the Contracts with Fyre Festival, LLC. Nor can Plaintiffs plausibly allege that Mr. Atkins owed an independent legal duty that is "collateral" or "extraneous" to the Contracts. As a matter of law, the common law tort claims should be dismissed.

Additionally, Plaintiffs' common law tort claims each fail for a variety of claim-specific reasons. For example, the fraud-based tort claims must please fraud "with particularity" pursuant to Fed. R. Civ. P. 9(b), and also allege facts that "give rise to a strong inference of fraudulent intent." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir.1994).

Here, the few statements attributed to Mr. Atkins are not material false representations, and do not plead facts showing that he knew of or should have known of a given statements' falsity or that he intended to defraud. Further, Plaintiffs fail to offer plausible allegations of a fiduciary duty or confidential relationship required for fraud by non-disclosure. Finally, the SAC neither pleads its fraud-based claims with anything approaching the degree of particularity required by Fed. R. Civ. P. 9(b) nor satisfies the Second Circuit's "strong inference" rule. *Id.*

Plaintiffs' claim for unjust enrichment fails on several independent grounds. It is barred by the existence of the Contract, which Plaintiffs impliedly acknowledge they were parties to. *See* SAC ¶¶ 178. It also fails because the relationship between Plaintiffs and Mr. Atkins is "too attenuated," and further there is no plausible allegation that he was enriched directly at Plaintiffs' expense. *Golden Pac. Bancorp v. F.D.I.C.,* 273 F.3d 509, 519 (2d Cir. 2001). Parties are "too attenuated," where they "simply had no dealings with each other." *Georgia Malone and Company, Inc. v. Rieder,* 19 N.Y.3d 511, 516-19 (2012). "An unjust enrichment claim requires some type of direct dealing or actual, substantive relationship with a defendant." *In re Motel 6 Sec. Litigation,* 161 F. Supp. 2d 227, 232 (S.D.N.Y. 2001). Here, the SAC claims nothing remotely resembling direct dealing, an actual relationship, or a substantive relationship.

Plaintiffs' claim for tortious interference with contract must fail because they do not plausibly allege facts showing that Mr. Atkins knew of the Contracts beyond stating that he was an officer of the Fyre entities, much less that he acted with malice or used improper means to secure any breach of the Contracts. SAC. ¶¶ 163-9. Further, the economic interest defense bars this claim as a matter of law "where defendants were significant stockholders in the breaching

party's business." *White Plains Coat & Apron Co. v. Cintas Corp.*, 867 N.E.2d 381, 384 (N.Y. 2007). Because Mr. Atkins was a member of the entity with whom Plaintiffs allege the Contract was formed, no claim for tortious interference with contract may lie against him.

Plaintiffs also allege that "Defendants" violated several state statutes; however, the Contract's New York choice of law provision moots 6 of these 7 causes of action. Under New York law, in the absence of "fraud or violation of public policy, a court is to apply the law selected in the contract providing the state selected has sufficient contacts with the transaction." *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.,* 230 F.3d 549, 556 (2d Cir. 2000). Moreover, all of the non-New York statutes require each claim to be pled with particularity pursuant to Fed. R. Civ. P. 9(b). *See Pertile v. General Motors, LLC*, No. 15-cv-0518, 18 (D. Colo. 2017) (Colorado statute); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (California statutes); *Cullen v. Netflix, Inc*. (N.D. Cal. 2012) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-06 (9th Cir. 2003) (California statutes); *Camasta v. Jos. A. Bank Clothiers, Inc.*, No. 13-2831, 4 (7th Cir. 2014) (Illinois statute). Here, no public policy violation is alleged, and the fraud claims are not pled with particularity as required by Rule 9(b). Finally, New York has sufficient contacts for New York law to apply as the Fyre entities are headquartered in state.

With respect to New York General Business Law §349, Plaintiffs have the same issues as with the other claims discussed *supra*. The allegations made against Mr. Atkins are, on their face, neither deceptive nor fraudulent because they are vague, irrelevant, or obvious puffery. Further, where reliance is required, it has not been plausibly alleged.

If your Honor approves Mr. Atkins' 12(b)(6) motion, we propose that it be filed within 14 days after such approval is granted, with opposition and reply briefs filed pursuant to Local Rule 6.1(b).

Finally, we request that the Court permit the filing of an oversized motion brief of no more than 40 pages. Plaintiffs' 71-page SAC alleges 13 causes of action including 7 state consumer protection statutes. In light of the large number of claims, and particularly the various state statutes, each of which will need to be addressed separately, we submit that the customary 25-page limit will be insufficient to effectively respond to these claims.

Respectfully Submitted,

Ryan Smith