# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
7 West 24th Street
New York, New York 10010
Telephone (213) 625-3900
Facsimile (213) 232-3255
GERAGOS@GERAGOS.COM

August 13, 2018

Honorable P. Kevin Castel, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 24B
New York, NY 10007

  Re: <u>In Re Fyre Festival Litigation, 17-cv-3296 (PKC)</u>

Dear Judge Castel:

  The undersigned, lead counsel for Plaintiffs, submits this letter in response to the August 6, 2018 pre-motion letter of defendant Grant Margolin ("Defendant" or "Margolin"). Margolin seeks leave to file a 12(b)(6) motion to dismiss the Second Consolidated Amended Complaint ("SAC") (ECF 56) on grounds similar to those advanced in the July 6, 2018 letter request of his co-defendant Jeffrey Atkin ("Atkins.") attached to the Margolin letter. The next case management conference is scheduled for November 30, 2018.

  Plaintiffs' position is that each argument advanced by Margolin (like Atkins) is devoid of merit for reasons similar to that set forth in Plaintiffs' July 13, 2018 response to the Atkins letter (a copy of the Plaintiffs' July 13, 2018 letter is attached here as Exhibit "A").  The primary difference being that the Plaintiffs' positions advanced in that letter are also applicable to Margolin.  As alleged throughout the SAC, Margolin was the Chief Marketing Officer for the Fyre Festival and Fyre Media. Because of his high ranking position and direct involvement in the everyday business of Fyre Media, he directly participated in the management of Fyre Media's operations and had the ability to, and did control Fyre Media's conduct with regard to marketing. Furthermore, Margolin was not simply Chief Marketing Officer, by title, but most notably, by his actions as he was the chief engineer of the extensive marketing and false advertising scheme that duped thousands of purchasers into buying tickets and merchandise for the failed Fyre Festival. Not only is the SAC replete with allegations that address Margolin's deep and extensive involvement in the scheme as the marketing mastermind, but there are also numerous allegations about how he worked hand and hand with his co-defrauders to dupe and defraud the consuming public through a massive marketing onslaught.  (*See e.g*. SAC ¶¶1-8, 34, 46-67).

Indeed, the SEC has found Margolin to be a co-defrauder with defendants McFarland and Fyre Media regarding the Fyre Festival. Notably, a little over a month after the filing of the SAC, the United States Securities and Exchange Commission ("SEC"), on July 24, 2018, announced that it had settled charges of fraud against Margolin and his defaulting co-defendant and business colleague Billy McFarland, defaulting co-defendant and former employer Fyre Media, Inc., and its bankrupt affiliate, Fyre Festival LLC "arising out an extensive, multi-year offering fraud that raised at least $27.4 million from over 100 investors'…" "…. including in connection with McFarland's failed venture to host a 'once-in-a-lifetime' music festival in the Bahamas." *See* attached SEC press release about the settlement of the fraud charges against Margolin and others attached hereto as Exhibit "B."

The SEC press release about the settlement of the Margolin fraud charges further stated that "[w]th substantial assistance from Grant H. Margolin, his Chief Marketing Officer, … McFarland induced investors to entrust him with tens of millions of dollars by fraudulently inflating key operational, financial metrics and successes of his companies, as well as his own personal success – including by giving investors a doctored brokerage account statement purporting to show personal stock holdings of over $2.5 million when, in reality, the account held shares worth under $1,500."

The SEC's Complaint against Margolin and his cronies, a copy of which is attached hereto as Exhibit "C," was filed in the United States District Court, Southern District of New York (18- -CV-6634) (JK). The SEC alleged in the Complaint, *inter alia*, that "Margolin created certain documents at McFarland's behest that inflated operational and financial metrics of Fyre Media and Fyre Festival, without inquiring into the accuracy of information provided to them by McFarland or exercising the care and skill that a reasonable person of ordinary prudence and intelligence would be expected to exercise under the circumstances." SEC Complaint ¶ 2. *See also* SEC Complaint, ¶¶ 22-28 and 33.

Margolin agreed to settle the SEC's fraud charges against him by a 7-year director and officer bar and a $35,000 penalty. A copy of the final judgment against Margolin is attached hereto as Exhibit "D". The Court is requested to take judicial notice of Exhibits B-D.

If the Court allows Margolin to file a 12(b)(6) motion, plaintiffs request, for efficiency purposes, that Margolin's motion be filed by August 28, 2018, the same due date as Atkins for filing of his motion. For the same reason, Plaintiffs further request that the briefing dates for opposition and reply be the same as that of Atkins (response due September 28, 2018 and reply due by October 5, 2018) and that the size of the briefs be the same as well. *See* docket ECF No. 61.

                                          Respectfully,
                                          */s/ Lori G. Feldman*
                                          Lori G. Feldman   (LGF- 3478)
                                          Lead Counsel for Plaintiffs
                                          Geragos & Geragos APC

Cc:  All counsel of record via ECF
     Grant Margolin
     Fyre Media, Inc.