Grant Margolin
19 South Drive
Roslyn, NY 11576

August 15, 2018



Overnight Mail
Honorable P. Kevin Castel
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 10007

RE: *In re Fyre Festival Litigation*, 17-cv-3296 (PKC)

Dear Judge Castel:

I am a pro se defendant, who wrote the Court on August 6 seeking leave to file a motion to dismiss. The Court has not ruled on that, but plaintiffs' counsel has apparently filed by ECF an August 13 letter opposing my request. I am not on ECF and have not yet received this letter from plaintiffs' counsel. I learned about it yesterday otherwise, and I have now read it.[1]

I will not respond to all the ad hominem attacks in this new letter, but wish to briefly respond to a few points.

- As I understand it, in the Second Circuit, the filing of a motion to dismiss not discretionary but a party has a right to make any motion to dismiss. *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987)

- I dispute plaintiffs' statements about my role and the sufficiency of the allegations of the complaint.

- As to the SEC complaint:

  o In consenting to some relief in response to the SEC complaint, I specifically neither admitted nor denied any of the allegations.

  o The law is well settled that the SEC complaint and that kind of consent is neither admissible nor relevant to this or any other collateral proceeding.

  o It had nothing to do with marketing and advertising activities or my being any kind of "mastermind" and concerned only investors.

  o Neither the SEC or its complaint made any kind of "findings."

  o The complaint did not allege any intentional fraud by me, but rather alleged only one specific fact as to me acting at McFarland's direction, and that I acted negligently (charging me only under Section 17(a)(3),

---

[1] In the future, I request that Plaintiffs' counsel send me communications by overnight mail, at least in such situations as this that are time sensitive.

[Handwritten margin note: Mr. Margolin may have until September 11, 2018 to file his motion. Plaintiffs may have until October 12 to respond to all motions. All defendants may respond by October 26. SO ORDERED. 8/22/18 USDJ]

[Handwritten at bottom right: Mailed 8/22/18]

under which the charge can be proved by negligence only). I was not charged with doctoring a brokerage account statement and many other numerous things that were charged only against McFarland.

Plaintiffs' lawyer has agreed that I may have until August 28 to file my motion, but I am asking for more time than Mr. Atkins, because I desperately need it. I have zero money and huge debts. While I have had help from a lawyer to draft this letter, I am not a lawyer, and have no funds to hire a lawyer to take this on. I am pro se. There is no way I can do this as efficiently as Mr. Atkins' attorney and he has been in this case a long time, when I have just recently been in it. If I have another 10-14 days, it will not matter to the date the motion is heard. I expect to join in Mr. Atkins' motion but add some things that apply particularly to me.

Thank you for your consideration.

Respectfully,

Grant Margolin

cc: (by email)
    Lori Feldman, Esq.
    Ryan Smith, Esq.