UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                    :
                                                                    :
IN RE: FYRE FESTIVAL LITIGATION                    17-CV-03296 (PKC)
                                                                    :
                                                                    :
                                                                    :
------------------------------------------------------------------ x

**DEFENDANT MARGOLIN'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 3

ARGUMENT ......................................................................................................................... 5

I.      STANDARD OF REVIEW ........................................................................................ 5

II.     PLAINTIFFS' FRAUD CLAIM AGAINST ME SHOULD BE DISMISSED ................. 6

        A.      Plaintiffs Do Not Allege Fraud Based On Any Misrepresentation By
                Me ........................................................................................................... 6

        B.      The SAC Does Not Allege Fraud by Omission Against Me ................................. 8

III.    PLAINTIFFS' NEGLIGENCE-BASED CLAIMS AGAINST ME SHOULD
        BE DISMISSED ..................................................................................................... 9

IV.     PLAINTIFFS' TORTIOUS INTERFERENCE AND UNJUST
        ENRICHMENT CLAIMS AGAINST ME SHOULD BE DISMISSED ...................... 11

        A.      Plaintiffs Do Not Adequately Allege Tortious Interference Against Me ............. 11

        B.      Plaintiffs Do Not Adequately Allege Unjust Enrichment Against Me ................ 13

V.      PLAINTIFFS' STATUTORY CLAIMS AGAINST ME SHOULD BE
        DISMISSED ......................................................................................................... 14

CONCLUSION .................................................................................................................... 15

I, Grant Margolin, submit this memorandum of law in support of my motion to dismiss Plaintiffs' Second Consolidated Amended Class Action Complaint (the "SAC") as against me. The same 13 claims asserted against me are also asserted against defendant Jeffrey Atkins, and I incorporate herein by reference Mr. Atkins' entire memorandum of law filed on August 28, 2018 in support of his motion to dismiss ("Atkins Brief").[1]  I understand that, for purposes of this motion, I generally need to assume that the allegations in the SAC are true, even if they are not.

## PRELIMINARY STATEMENT

Plaintiffs are a proposed class of people who purchased tickets to the Fyre Festival from my employer, Fyre Media, Inc.  With the SAC, they stretch to turn a breach of contract case against Fyre Media into an overblown case against me and other individuals, throwing a kitchen sink of theories against the wall in the hopes that something will stick.

The SAC is Plaintiffs' third attempt to draft a viable complaint, and it was filed after Plaintiffs had 18 months to gather additional information and be specific.  Despite their multiple amendments, however, Plaintiffs still do not adequately state any facts or even a theory under which I, an employee at Fyre Media, have personal liability for the ticket holders' losses.  In fact, Plaintiffs barely make any factual allegations against me at all.  In their 70 page, 270 paragraph complaint, Plaintiffs only make a handful of factual, non-conclusory allegations against me specifically.  The rest of the allegations are either against other defendants or against all "Defendants" plead together as a single group.  But simply lumping me together with my employer and others is not a proper way to allege claims against me personally, and the SAC does not come close to stating any plausible claim against me.

---

[1] I am 25 years old, have not been gainfully employed since the Festival, and live with my parents.  I am appearing *pro se* because I cannot afford defense counsel for this case.  My parents were able to lend me a limited amount of money to get some legal assistance from the law firm Golenbock Eiseman Assor Bell & Peskoe LLP in preparing this motion.

Plaintiffs' fraud claim, for example, does not rest on a single statement made by me. Rather, they try to hold me liable for statements allegedly made by others, which they cannot do. They also attempt to hold the "Defendants" liable for not warning ticket holders of information they allegedly knew about the Festival. But Plaintiffs do not specify what specifically I knew, or when, or any facts to show that I had bad intent. Moreover, they fail to cite any facts that create a duty owed by me to disclose information to ticket holders. Because the SAC does not allege that I made any fraudulent statements or that I withheld any information I was duty-bound to disclose, Plaintiffs' fraud claim against me fails.

The negligence-based claims against me fail for a similar reason: Plaintiffs cannot establish that I owed them a duty of care. Plaintiffs do not allege that I had any relationship at all with any ticket holders, much less that I had a special relationship that would create a duty of care. Further, their negligence claims are just repackaged versions of their breach of contract claims against Fyre Media.

Plaintiffs' tortious interference and unjust enrichment claims against me also cannot succeed. These claims are duplicative of their contract claims, and it simply makes no factual or legal sense that I interfered with a contract between my own employer and a ticket purchaser. My actions are my employer's actions, and Fyre cannot interfere with its own contract. There are also absolutely no allegations that I stood to benefit personally or was enriched in any way by the alleged wrongful conduct, or that I used improper means. In fact, the SAC does not allege that I took any steps at all to cause any of the alleged contractual breaches.

Finally, Plaintiffs reach to seven different statutes, under a multiple states' consumer protection laws, in a last-ditch effort to find a claim, but these claims suffer from the same defects. While the statutes vary, the thrust of all of them is that the defendant made a deceptive

statement to consumers that they acted upon. Plaintiffs do not identify any statement made by me to consumers, much less a deceptive statement, or anything that any of them relied on.

In sum, Plaintiffs fail to allege any specific act by me giving rise to personal liability for ticket holders' losses. They fail to allege any basis to hold me, a former employee of Fyre Media, personally liable for the alleged words or actions of my employer. Plaintiffs had three chances to get their complaint right. Enough is enough. The case should be dismissed against me with prejudice.

## STATEMENT OF FACTS

The Atkins Brief summarizes generally the allegations in the SAC. (Atkins Brief at 3-5.) Below I identify the *only* allegations in the SAC specifically against me.

Plaintiffs are a proposed class of ticket buyers and/or attendees of the Fyre Festival, which was to take place the last weekend of April 2017 and the first weekend of May 2017. (SAC ¶¶ 21, 47, 117-18.) The SAC alleges that Fyre Media received the funds from the sale of tickets and wristbands. (SAC ¶¶ 16, 159.)

The SAC alleges that I was hired as the "chief marketing officer" or "lead marketing chief" of Fyre Media or its subsidiary, Fyre Festival LLC (collectively, "Fyre"). (SAC ¶¶ 8, 34, 46, 91.)[2] The SAC alleges that I worked as part of the "FyreSquad" – a group of Fyre employees and outside companies (that included a production company, a social media firm, and a public relations firm, among others) – "to promote the Fyre Festival." (SAC ¶ 46; Ex. A to SAC at pp. 35-41.) The SAC alleges that I told Fyre employees that I was "a marketing genius and prodigy." (SAC ¶ 8, 46.)

---

[2] Plaintiffs allege that I was an officer based on the "chief marketing officer" title, but I understand that CMO is not an "officer" of a company for legal purposes. Rather, it is simply another term for the head of marketing.

The SAC does not allege that I was an owner of Fyre, or that I was a lender to Fyre.  It does not allege that I had any financial interest in Fyre or the Festival or stood to benefit personally from the Festival or any conduct alleged in the SAC.

The SAC does not allege that I made any public statements regarding the Festival.

The SAC alleges that I made one statement internally to Fyre employees, and alleges two other internal statements made by one of several people, including me.  Plaintiffs do not allege that they heard or relied on any of them.  First, Plaintiffs allege that "Defendants Atkins and McFarland and, upon information and belief, Defendant Margolin, even toasted in or about March 2017 . . . 'To living like movie stars, partying like rock stars, and f****** like porn stars'" (the "Toast").  (SAC ¶ 90.)  But the articles Plaintiffs cite in the SAC show that I did not give that Toast or participate in it.  (*See* SAC ¶ 90 n.31; Atkins Brief at 4-5.)  Moreover, the SAC alleges that the Toast was made "on a yacht in March 2017," not publicly to any of the Plaintiffs.  (SAC ¶90; Atkins Brief at 5.)

Second, Plaintiffs allege that "the marketing team *or* McFarland, Atkins *or* Margolin" stated "within a month before the planned event" "Let's just do it and be legends, man" after being informed by unidentified "[m]arketers" "that the event would not be up to the standard they had advertised" and should be postponed.  (SAC ¶ 89 (emphasis added).)  Not only is this statement insufficiently attributed to me, but Plaintiffs concede that it was made at an internal meeting, and there are no allegations that it was repeated to the public before the Festival or that any Plaintiff heard it or relied on it.  *Id.*  Plaintiffs similarly allege that I "rejected or ignored the warning" and told Fyre staff that "they should continue to sell tickets."  (SAC ¶¶ 8, 89.)  Again, there are no allegations that this statement was heard or relied on by any ticket holder.

# ARGUMENT

## I.     STANDARD OF REVIEW

The Atkins Brief sets forth Plaintiffs' burden on this motion to allege a claim against me that is plausible on its face. (Atkins Brief at 5-6.)

Generalized allegations lumping the Defendants together is not permitted. Where plaintiffs allege claims against multiple defendants, they must "indicate clearly the defendants against which relief is sought and the basis upon which relief is sought against the particular defendants." *Am. Sales Co. v. AstraZeneca AB*, No. 10 Civ. 6062, 2011 WL 1465786, at *5 (S.D.N.Y. April 14, 2011) (quoting *Martin v. City of New York*, No. 07 Civ. 7384, 2008 WL 1826483, at *1 (S.D.N.Y. Apr. 23, 2008)). Plaintiffs must clearly attribute conduct to each defendant, so the defendant knows "what allegedly unlawful conduct a plaintiff seeks to attribute to it." *Id.* at *5; *see also Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc*, 170 F.R.D. 361, 375 (S.D.N.Y. 1997); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young,* No. 91 Civ. 2923 (CSH), 1994 WL 88129, at *20 (S.D.N.Y. Mar. 15, 1994).

The vast majority of Plaintiffs' allegations are general allegations that lump all Defendants together and do not differentiate which defendant did any of the things alleged. (*See, e.g.*, Atkins Brief at 3-4, 16-17, 29-30.) While Plaintiffs repeatedly add the phrase ", including Atkins, Margolin and McFarland" after the word "Defendants," this addition does not transform the group pleading into an individual allegation; that phrase is no different from the term "Defendants." *See, e.g., Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (plaintiffs may not use "the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom"). Thus, all allegations that use this or similar language should be disregarded when reviewing the SAC.

## II.     PLAINTIFFS' FRAUD CLAIM AGAINST ME SHOULD BE DISMISSED

The fraud claim, contained in Count Three, is alleged against all defendants, and is addressed in the Atkins Brief at pages 8-12 and 15-20.  Rule 9(b) requires each element of Plaintiffs' fraud claims against me to be plead with "particularity."  Fed. R. Civ. P. 9(b); *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007).  Because Plaintiffs only include a handful of allegations against me specifically, and because they fail to allege with particularity any misrepresentation by me, any facts to show any intent or motive to engage in fraud, any reliance by Plaintiffs, or any basis to hold me liable for alleged omissions, the fraud claim should be dismissed.

### A.     Plaintiffs Do Not Allege Fraud Based On Any Misrepresentation By Me

To plead a fraud claim against me, Plaintiffs must allege that I (i) made a material false representation of an existing fact (ii) with knowledge that it was false and (iii) the intent to defraud, and that (iv) Plaintiffs reasonably relied on my fraudulent statements and (v) suffered damages.  *Dooner v. Keefe, Bruyette & Woods, Inc.*, 157 F. Supp. 2d 265 (S.D.N.Y. 2001).

The SAC does not allege that I made any public statement, let alone a "false representation."  Instead, the fraud claim is based on alleged misrepresentations made by my employer – on its Facebook page, website, or in its promotional materials – or even statements contained in articles by outside publications (such as the New York Times and Vogue), about the location and attendees of the event and the quality of the atmosphere, accommodations, and food.  (SAC ¶138; *see also* SAC ¶¶47, 51, 56, 57, 67.)[3]  Plaintiffs then allege in conclusory fashion that these statements were made by all "Defendants" grouped together.  (SAC ¶138-140.)

---

[3] Plaintiffs do not contend that the fraud claim is based on the Toast, the "let's be legends" comment, or my alleged statement to Fyre staff to sell tickets.  (SAC ¶137-146.)  As noted above, the SAC does not even allege that I made the Toast or legends statements, and Plaintiffs do not allege that they relied on any of these statements or even knew about them.  (*See infra* at 8.)  Similarly, the SAC includes, as Exhibit A,

These allegations fail to state a fraud claim against me for several reasons. First, the statements made by Fyre Media are duplicative of the breach of contract claims Plaintiffs assert against the company. (*See* Atkins Brief at 8-9; SAC ¶¶157-162, 170-175.) Second, such a group pleading is not enough to state a claim against any individual Defendant under the regular pleading rules, much less under the more strict "particularity" standard applicable to fraud claims. (*See supra* at 5.) Third, the SAC does not cite any facts or other rationale for why I, as head of marketing, could be personally liable for my employer's statements. Indeed, the SAC provides no factual basis even to make owners or officers of Fyre Media personally liable, and I was another step removed even from them.

As for the other elements, because Plaintiffs do not identify any statements by me, by definition they do not allege that I made statements with fraudulent intent. But, even ignoring this problem, Plaintiffs do not allege any facts that could give rise to an inference of fraudulent intent by me. For example, the SAC makes conclusory allegations, for their sound-bite appeal, that the Festival was some sort of "get-rich-quick" or "Ponzi" scheme or that Defendants were motived by "greed." (SAC ¶¶ 8, 13, 14.) But these baseless allegations clearly cannot apply to me. Plaintiffs do not allege that I had any equity or ownership or profit interest in Fyre, or that I was entitled to or received any compensation or benefit as a result of the alleged fraud. There are no allegations that I was an investor, lender, or creditor of Fyre who benefitted somehow by the alleged fraud. As an ordinary employee, I did not stand to derive any profits or benefit from the alleged conduct.

In fact, as a Fyre employee, I only stood to gain from the Festival if it succeeded, with satisfied attendees. Had that happened, I could market myself as an employee of a burgeoning

---

what it refers to as a "Pitch Deck provided to Fyre Festival investors," but does not allege that any Plaintiff ever saw or relied on it. (SAC ¶49.)

company who helped lead the marketing effort associated with a revolutionary festival. If the Festival at some point was "doomed" to failure as alleged (SAC ¶ 14), I personally would have been better off postponing it as suggested (SAC ¶ 89), rather than endeavoring to see it through and ending up associated with a failed event. In short, it simply makes no sense to suggest that I participated in a fraud from which I stood to derive no benefit, was certain to be discovered, and would kill my long-term prospects, as it has.

Plaintiffs also fail to plead reliance. As Atkins shows in his brief, none of the Plaintiffs alleges that he or she read or relied on any particular statement (by anyone). (Atkins Brief 19; SAC ¶ 103-114.) Plaintiffs' failure to plead reliance is particularly true for me personally. As noted above, Plaintiffs do not allege that I made *any* statements or that any of them relied on anything I said. Plaintiffs' failure to plead basic reliance allegations in their third complaint, notwithstanding that the information is fully within their knowledge, defeats this claim under the regular pleading standard, and certainly under the more stringent particularity standard.[4]

**B.    The SAC Does Not Allege Fraud by Omission Against Me**

The fraud claim is also based on the alleged omission by "Defendants" in not disclosing to ticketholders about "inadequate infrastructure," "lack of preparedness of accommodations and activities" and an allegedly "unsafe environment." (SAC ¶ 142.) But such a claim can only be asserted against me if I owed a duty to disclose information to Plaintiffs, which I did not. Under New York law, such a duty to disclose only arises where a fiduciary or confidential relationship

---

[4] The absent reliance allegations are significant in this case. The thrust of the SAC is not that the "Defendants" knew, at the outset, that the Festival would not succeed. Rather, it alleges that at some unspecified point in time, as the Festival was being implemented, the "Defendants" allegedly realized or were told that it would not be up to the standard advertised. The timing of when an alleged statement was made and who made it, when any given Plaintiff relied on a particular statement, and when each Defendant allegedly "knew" that a statement he made was false, are critical to Plaintiffs' ability to plead a fraud claim. The SAC may plead a breach of contract claim against Fyre Media, but falls woefully short of stating a fraud claim, with particularity, especially against me personally.

exists between the parties.  *See* Atkins Brief at 15-16, 19-20.  The SAC does not contain any

factual allegations that, if proven, would establish a confidential or fiduciary relationship

between me and the ticket holders.   Plaintiffs do not allege any fiduciary relationship with me,

and could not.  In fact, Plaintiffs do not allege any relationship at all between me and the ticket

holders.  In addition to Plaintiff's failure to allege the other elements of fraud against me,

Plaintiffs do not plead any special relationship with me that gives rise to a duty of disclosure to

Plaintiffs, and thus the SAC does not state a plausible claim for fraud by omission against me.

## III.   PLAINTIFFS' NEGLIGENCE-BASED CLAIMS AGAINST ME SHOULD BE DISMISSED

The SAC contains three claims rooted in negligence:  negligence (Count One), gross

negligence (Count Two), and negligent misrepresentation (Count Four).   These claims should be

dismissed because they are duplicative of the contract claims made against my employer, Fyre

Media, and because I owe no independent or special duty to ticketholders that could give rise to

these claims.  The negligent misrepresentation claim also fails for the same reasons as the fraud

claim.

First, the SAC does not state a negligence claim because it does not allege any duty

independent of Plaintiffs' contracts with Fyre Media.  (Atkins Brief at 8.)  The SAC alleges that,

under Plaintiffs' contracts with Fyre Media, Fyre agreed to provide them with a luxury festival

experience in exchange for money, and that Fyre breached the contracts for the same reasons set

forth in the negligence claims.  (*Compare* SAC ¶¶ 159-160, 172-173 *with* SAC ¶¶ 122-23, 129-

30, 150-53.)  Plaintiffs cannot sue an employee for negligence for the same conduct that

constitutes a breach of contract by his employer.  (Atkins Brief 9.)

Moreover, the SAC fails to allege any independent duty existing between me and

Plaintiffs that could support a negligence claim.  Under New York law, a defendant can only be

liable for negligence if the plaintiff adequately alleges, among other things, that the defendant owed him a duty of care. *See Irizarry v. Heller*, 95 A.D.3d 951, 952 (2d Dep't 2012) (negligence); *East Meadow Driving School, Inc. v. Bell Atlantic Yellow Pages Co.*, 708 N.Y.S.2d 701, 703 (2d Dep't 2000) (gross negligence); *Boccardo v. Citibank, N.A.*, 579 N.Y.S.2d 836, 839 (N.Y. Sup. Ct. 1991) (quoting *Chase Manhattan Bank, N.A. v. Edwards*, 87 A.D.2d 935, 936 (3d Dep't 1982)) (negligent misrepresentation).

The SAC repeats the conclusory allegations that "Defendants, including Atlkins, Margolin and McFarland, owed duties to Plaintiffs" (SAC ¶¶ 122, 129), but no facts are alleged to support this. Whether a duty exists is a matter of law, and no duty exists between me and the ticket holders to the Festival. There is no independent duty between an employee of a contracting party and the other party to the contract. There is no independent duty between the head of marketing of a company and people who buy tickets to the company's event. Indeed, there is not even a duty between owners and officers of a contracting party and the other party to the contract. (Atkins Brief at 8-9.) Foreseeability of harm, relied upon by Plaintiffs, does not create a duty. (*Id.* at 10-11.) The SAC does not allege that I had any fiduciary duty with Plaintiffs, and there could be none. (*Id.* at 11-12.) In short, there is no relationship between me and the ticket holders that could create a duty and support a negligence claim.

Plaintiffs' negligent misrepresentation claim is nearly identical to the portion of the fraud claim based on alleged misrepresentations (*compare* SAC ¶¶138-141, 144-145 *with* SAC ¶¶ 148-155), and fails for the same reasons. For this claim, the SAC must allege (i) that I had a duty, as a result of a special relationship, to give correct information; (ii) I made a false representation that I should have known was incorrect; (iii) the information supplied in the representation was known by me to be desired by the Plaintiffs for a serious purpose; (iv) the Plaintiffs intended to

rely and act upon it; and (v) Plaintiffs reasonably relied on it to their detriment.  Plaintiffs must plead this claim with particularity.  (Atkins Brief at 20.)

As shown above, I owed no duty to the Plaintiffs, and no "special relationship" existed between me and any Plaintiff.  Moreover, by definition, there cannot be a negligent misrepresentation without some sort of actual representation.  Plaintiffs, however, do not identify any public statement that I made, much less any statement that was false.  (*Supra* at 4, 6-7.) Plaintiffs' inability to identify any statement I supposedly made also prevents them from alleging the other elements of a negligent misrepresentation claim:  that I knew the (non-existent) statement was false, that I intended for Plaintiffs to rely on it, and that Plaintiffs did in fact rely on it.  Indeed, Plaintiffs failure to plead specific reliance by any Plaintiff on any statement, let alone a statement by me, in itself precludes this claim.

For any or all of these reasons, the negligence-based claims should be dismissed.

## IV. PLAINTIFFS' TORTIOUS INTERFERENCE AND UNJUST ENRICHMENT CLAIMS AGAINST ME SHOULD BE DISMISSED

The SAC also contains causes of action for "inducement of breach of contract" (Count Six) and unjust enrichment (Count Eight).  These claims fail because there are absolutely no factual allegations showing that I personally benefitted or stood to benefit from any alleged conduct.  Moreover, the tortious interference claim fails because my actions as an employee of a contracting party cannot constitute tortious interference, and there are no allegations that I took any action to interfere with ticketholders' contracts with Fyre.

### A. Plaintiffs Do Not Adequately Allege Tortious Interference Against Me

To plead tortious interference, Plaintiffs must allege facts showing that I intentionally and improperly induced Fyre to breach its contracts with Plaintiffs.  *White Plains Coat & Apron Co., Inc. v. Cintas Corp.*, 8 N.Y.3d 422, 426 (2007).  Plaintiffs must allege that I induced Fyre's

breach through "improper means." *Id.* at 427. And, Plaintiffs must allege that the contracts

would not have been breached "but for" my conduct. *Burrowes v. Combs,* 808 N.Y.S.2d 50, 53

(1st Dep't 2006).

First, a tortious interference claim cannot be asserted against a contracting party. *White*

*Plains Coat & Apron*, 8 N.Y.3d at 425. This claim cannot be asserted against my employer, and

it makes no sense to assert it against me. The SAC alleges that I was an employee of Fyre,

acting in that capacity. As such, my conduct is attributable to my employer. To the extent that I

did or did not take action, such conduct was undertaken by Fyre, a party to the contract, and

cannot support a tortious interference claim.[5]

The SAC also fails to identify any "improper means" utilized by me to allegedly procure

the breach of contract by my employer. In fact, Plaintiffs do not include *any* factual allegations

that I took any steps to "induce" Fyre to breach its contracts. The SAC alleges that my job was

to "promote" the festival (SAC ¶46); it also includes the conclusory allegation that I purportedly

"oversaw marketing and brand strategy, and organized, marketed, promoted, and advertised" the

Festival. (SAC ¶34.) However, Plaintiffs provide no factual allegations to suggest that this work

caused Fyre to breach its contracts, let alone being the "but for" cause of the breaches. They do

not allege facts to suggest that I was responsible for Fyre's alleged failures to procure talent to

perform at the Festival, or to provide luxury festival, accommodations or dining options, which

are the breaches alleged. (SAC ¶167; *see also* ¶160.)

What's more, Plaintiffs' conclusory allegation that I intentionally induced Fyre to breach

its contracts with Plaintiffs makes no sense. I had no incentive to cause the company to breach

---

[5] This claim is thus duplicative of the breach of contract claim asserted against Fyre and should be
dismissed for this reason as well. *Armored Group LLC v. Homeland Security Strategies Inc.*, No. 07 Civ.
9694, 2009 WL 1110783 at *2 (S.D.N.Y. April 21, 2009) (dismissing claims for tortious interference
where no allegations of a duty independent of contract).

its contracts, because I did not stand to gain anything if the Festival did not go off as planned. *See supra* at 7-8.

### B.   Plaintiffs Do Not Adequately Allege Unjust Enrichment Against Me

To allege an unjust enrichment claim, Plaintiffs must allege facts showing that I gained some benefit at their expense and that "equity and good conscience" requires restitution. *Whitman Realty Group, Inc. v. Galano*, 41 A.D.3d 590, 592-93 (2d Dep't 2007); *Clifford R. Gray, Inc. v. LeChase Const. Servs., LLC*, 819 N.Y.S.2d 182, 187 (3d Dep't 2006).   (*See* Atkins Brief at 27-29.)   This claim fails for at least three reasons.

First, Plaintiffs do not allege that I was enriched at their expense.   The SAC does not allege any facts showing any "enrichment" by me at all.   The SAC does not allege that I was an owner, investor, lender, or creditor of Fyre, and does not allege that I stood to receive any of the proceeds from the festival, much less that I did, in fact, receive any proceeds.   *See Abacus Fed. Savings Bank v. Lim*, 75 A.D.3d 472, 473 (1st Dep't 2010) (no unjust enrichment claim where plaintiff "failed to show how [Defendant] was personally enriched at the expense of [Plaintiff], or that [Defendant] herself benefitted"); *Clifford R. Gray, Inc.*, 819 N.Y.S.2d at 187 (dismissing unjust enrichment claim where "plaintiff asserted no fact suggesting that defendant [was] in possession of money or property belonging to plaintiff").

Second, a plaintiff can only succeed on an unjust enrichment claim if it has a sufficiently close relationship with the other party.   (Atkins Br. 27.)   Here, the SAC does not allege that I had *any* relationship with Plaintiffs, much less enough of a relationship to support this claim.

Third, Plaintiffs' unjust enrichment claim fails because there are express contracts governing the payment of money in exchange for tickets to the Festival.   (Atkins Brief at 28-29.) As Plaintiffs do not dispute the validity of their contracts – in fact, they sue Fyre Media to

enforce them – they cannot simultaneously bring an unjust enrichment claim against me that is rooted in exactly the same subject matter.

## V.    PLAINTIFFS' STATUTORY CLAIMS AGAINST ME SHOULD BE DISMISSED

The SAC also includes seven claims brought under consumer protection or deceptive business practices statutes in four different states. The Atkins Brief addresses these claims in detail, and demonstrates that they must be plead with particularity. (*Id.* at 29-39.)

While I understand that there is variation among the statutes,[6] these claims as against me all fail for several reasons. First, these statutes concern deceptive statements that induce a plaintiff's reliance. Plaintiffs, however, do not plead either of those things. Plaintiffs fail to identify *any* public statement made by me, let alone any such statement that was deceptive. Plaintiffs also do not allege that they relied on any statement made by me. In fact, as shown above, none of the Plaintiffs specify what statements he or she allegedly relied upon or that caused him or her to act.

Moreover, as the head of marketing for Fyre Media, I do not have personal liability under these statutes for statements made by my employer. For example, under the New York Deceptive Acts and Practices statute, individual employees cannot be liable for allegedly illegal business practices by their employers. *See Remis v. Fried*, 231 Misc.3d 1203(A) at *6 (N.Y. Sup. Ct. 2011) (dismissing claims against employees "with whom plaintiff interacted and negotiated"). Further, even if Plaintiffs could provide the court with authority under each statute for holding a head of marketing personally liable, Plaintiffs do not allege with any particularity what statement by Fyre I purportedly knew was false when made, when I purportedly caused

---

[6] The many variations between these statutes, as well as the individual reliance issues by Plaintiffs in this case, pose tremendous challenges for Plaintiffs ever to be able to obtain class certification. Fed. R. Civ. P. 23. While this case poses a tremendous financial burden and difficulty on me to defend, Plaintiffs have not stated any plausible claim against me, and the case is unlikely to survive the certification stage in all events.

such statement to be made, or facts to suggest that I knew such statements were false when made.  The lack of reliance allegations discussed above would require dismissal of the statutory claims in all events.

## CONCLUSION

For the reasons set forth above, I respectfully request that the Court dismiss the SAC as against me, with prejudice.

Date:  September 11, 2018

Grant Margolin

19 South Drive
Roslyn, New York  11576
margolingrant@gmail.com

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
                    :

IN RE: FYRE FESTIVAL LITIGATION        17-CV-03296 (PKC)
--------------------------------------------------------------- x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                   ) ss:
COUNTY OF NEW YORK )

The undersigned hereby certifies that on September 11, 2018, I caused a copy of the Notice of Motion and Memorandum of Law in Support of my motion to dismiss the second amended complaint to be served via email and first class mail on the following:

Lori G. Feldman
7 West 24th Street
New York, NY  10010
lori@geragos.com

Ryan Smith
Smith Law
3737 Glenwood Avenue, Suite 100
Raleigh, NC  27612

By: _____
Grant Margolin

Sworn to me on this
11th day of September, 2018

_____
Notary Public

ANN MARIE DELLATACOMA
Notary Public, State of New York
No. 01DE6111281
Qualified in Richmond County
Commission Expires June 7, 2020