**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-_____
IN RE: FYRE FESTIVAL LITIGATION         Civil Action No. 1:17-cv-03296
(PKC)

_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF DANIEL JUNG'S MOTION TO RECONSIDER DENIAL OF DEFAULT JUDGEMENT AND DENIAL OF CLASS CERTIFICATION OR ALTERNATIVELY TO AMEND THE OPERATIVE PLEADING**

## TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT............................................................ 4

II. STANDARD OF REVIEW................................................................................................. 5

III. THE COURT SHOULD RECONSIDER ITS DECISION TO DENY PLAINTIFF'S MOTION TO DEFAULT BECAUSE THE COURT DECIDED THE MOTION WITH A KEY MISUNDERSTANDING CONCERNING PLAINTIFF'S MOTION…...................................... 6

    A. Plaintiff's Motion for Default was Brought by the Entire Proposed Class of Plaintiffs..... 6

    B. Plaintiffs Met the Required Elements to Obtain an Entry of Default Judgment................. 6

    C. Plaintiffs Request Leave to Amend the SCAC to Provide the Court with Further Clarification…............................................................................................................…. 8

IV. THE COURT SHOULD RECONSIDER ITS DECISION TO DENY CLASS CERTIFICATION BECAUSE PLAINTIFF DANIEL JUNG IS AN ADEQUATE CLASS REPRESENTATIVE AND THE CLASS TYPICALITY ELEMENT IS MET............................. 8

    A. Plaintiffs Will Allege That Plaintiff Daniel Jung is Adequate and Qualified to Act as Class Representative in This Action and Further, Upon Improper Class Representative, Counsel Should be Allowed to Offer an Alternate Representative………………………...……… 9

    B. Plaintiffs Allege That the Typicality Element is Met Under CAFA…..……................... 10

    C. Plaintiffs Allege That Questions Common to the Class Predominate Over Individual Questions According to Rule 23(b)(3)……………………………….………………… 12

V. CONCLUSION.................................................................................................................. 13

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Accord Foman v. Davis,*
371 U.S. 178, 182 (1962) .................................................................................................... 8

*Borden v. 400 E. 55th St. Assoc., L.P.,*
24 N.Y.3d at 399, 998 N.Y.S.2d 729, 23 N.E.3d 997 ....................................................... 11

*City of New York v. Maul,*
14 N.Y.3d 499, 903 N.Y.S.2d 304, 929 N.E.2d 366 [2010] ............................................. 12

*Double Green Produce, Inc. v. Forum Supermarket Inc.,*
387 F. Supp. 3d 260, 265–66 (E.D.N.Y. 2019) ................................................................... 7

*Gordon v. Sonar Capital Mgmt. LLC,*
92 F. Supp. 3d 193 (S.D.N.Y. 2015) ........................................................................... 9, 14

*In re Flag Telecom,*
574 F.3d at 40 ..................................................................................................................... 9

*In re Monster Worldwide, Inc. Sec. Litig.,*
251 F.R.D. 132, 135 (S.D.N.Y.2008) ................................................................................. 9

*Lucido v. Mancuso,*
49 A.D.3d 220, 229, 851 N.Y.S.2d 238 ............................................................................ 14

*Maddicks v. Big City Properties, LLC,*
34 N.Y.3d 116, 124–25, 137 N.E.3d 456, 461–62 (2019) ........................................... 11, 12

*Marisol A. by Forbes v. Giuliani,*
126 F.3d at 376 ................................................................................................................... 9

*Robidoux v. Celani,*
987 F.2d at 936–37 ....................................................................................................... 9, 10

*Robinson v. Metro–North Commuter R.R. Co.,*
267 F.3d 147, 155 (2d Cir.2001) ...................................................................................... 10

*Roach v. T.L. Cannon Corp.,*
778 F.3d 401, 405 (2d Cir. 2015) (quoting U.S. Foodservice, 729 F.3d at 118) ............... 11

*Stevens v. City of New York,*
2012 U.S. Dist. LEXIS 165936 (S.D.N.Y. Nov. 14, 2012) ................................................ 5

*Wal–Mart Stores, Inc. v. Dukes,*
131 S.Ct. at 2551 n. 5 .......................................................................................................... 9

**RULES AND REGULATIONS**

Fed.R.Civ.P. 23(a)(3) ............................................................................................................. 9

Local Civil Rule 6.3 ........................................................................................................... 4, 5

Plaintiff Daniel Jung, along with the similarly situated putative class ("Plaintiffs"), respectfully submit this memorandum in support of their Motion for Reconsideration of the Court's Order, denying default and class certification, under Local Civil Rule 6.3.

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs respectfully request that the Court reconsider its Order, which denied the motion for class certification and the default judgment as to defendant William McFarland (Doc 124).  First, the Court's Order stated that only Plaintiff Daniel Jung, or alternatively only the seven named plaintiffs, moved for default judgment against Defendant Billy McFarland (Doc 124 at 3 ("Curiously, only Daniel Jung, but not the other six individuals represented by the same counsel, move for a default judgment . . . The Court will treat the motion for a default as if made by all seven named plaintiffs who are represented by common counsel")).  However, Plaintiff Jung, as lead Plaintiff, moved for default judgment as to Defendant William McFarland on behalf of the entire proposed class of Plaintiffs contained in the Operative Second Consolidated Amended Class Action Complaint. This is why the Default Judgment Motion refers to the group seeking relief as the "Judgment Class" which is defined as "all persons who purchased tickets . . ." and requests relief for "Judgment Class Members." (Doc 114 at 2 and 11).  This is also why the Default Judgment Motion was filed concurrently with the Motion for Class Certification and why the amount of relief for the Judgment Class was $7,500,000.00 as this number represented the aggregate damage amount for all members of the Judgment Class combined.

Further, the Court denied entry of default although Plaintiffs met all the necessary elements as stated in Plaintiff's motion. (Doc 114 at 9 "In determining whether to grant a default judgment, the court looks to the same factors which apply to a motion to set aside a default judgment, namely: (1) whether the defendant's default was willful; (2) whether the defendant has

4

a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment"). The Court analyzed and denied entry of default as to each claim of Plaintiff's Second Consolidated Amended Complaint (SCAC) due to the Court's interpretation of incomplete allegations. However, we believe that not "all reasonable inferences in favor of the party seeking the default judgment," as the Court correctly stated is due its discretion, were drawn against the defaulting party.

In making its decision denying class certification, the Court also mistakenly stated that proposed class representative Daniel Jung was a foreign national instead of a United States citizen and therefore was unfit as a class representative and we believe mistakenly found that the element of typicality was not met in Plaintiff's motion for class certification. However, Plaintiff Jung is a United States citizen and the element of typicality under CAFA has been met according to well-established case-law as explained herein.

Plaintiffs request that the Court reconsider its decision denying entry of default judgment and class certification. Alternatively, we request the leave for the Court to allow Plaintiffs to amend the SCAC to clarify any misunderstandings in the Operative Pleading.

## II. STANDARD OF REVIEW

Reconsideration under Local Civil Rule 6.3 is proper where, as here, there is "data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[1] The Court should revisit in instances where, as here, "to

---

[1] Stevens v. City of New York, 2012 U.S. Dist. LEXIS 165936, at *3 (S.D.N.Y. Nov. 14, 2012) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995))

correct a clear error or prevent manifest injustice."[2] However, "the decision to grant or deny the motion for reconsideration is within 'the sound discretion of the district court.'"[3]

## III. THE COURT SHOULD RECONSIDER ITS DECISION TO DENY PLAINTIFF'S MOTION TO DEFAULT BECAUSE THE COURT DECIDED THE MOTION WITH A KEY MISUNDERSTANDING CONCERNING PLAINTIFF'S MOTION

### A. Plaintiffs' Motion for Default was Brought by the Entire Proposed Class of Plaintiffs

On June 22, 2020 Plaintiff Daniel Jung filed a memorandum of law in support of his motion for class certification and default judgment as to Defendant William McFarland (Doc 114). Plaintiff Jung did not file this motion only for himself as was stated in the Court's order and opinion (Doc 124 at 3 "Curiously, only Daniel Jung, but not the other six individuals represented by the same counsel, move for a default judgment"). In fact, Plaintiff Jung filed this motion on behalf of the over two hundred plaintiffs already contained in his original class action suit. Plaintiff Jung specifically noted in the motion that he "commenced his action against Defendant William McFarland with a *Class Action Complaint* filed in the United States District Court for the Central District of California on April 30, 2017" (Doc 114 at 1)(emphasis added). Plaintiff Jung, as the putative class representative, made a motion on behalf of his fellow putative class members in the interest of judicial efficiency. Otherwise, every single plaintiff in this suit, as a putative class member, would have been forced to make and file the same motion for default against Defendant McFarland which would undoubtedly be a waste of judicial resources. As discussed above, the Default Judgment Motion also referred to the group seeking default as the

---
[2] Stevens, 2012 U.S. Dist. LEXIS 165936, at *4 (S.D.N.Y. Nov. 14, 2012) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d. 1245, 1255 (2d Cir. 1992))
[3] Stevens, 2012 U.S. Dist. LEXIS 165936, at *5 (S.D.N.Y. Nov. 14, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

6

"Judgment Class" and went on to cite definition of the Judgment Class Members as all those who bought tickets to the festival. (Doc 114 at 11).

Plaintiffs respectfully request that the Court reconsider its decision on this basis.

**B. Plaintiffs Met the Required Elements to Obtain an Entry of Default Judgment**

In determining whether to grant a default judgment, the court looks to the same factors which apply to a motion to set aside a default judgment, namely: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment.[4] Plaintiffs have met each of these elements in order to successfully obtain an entry of default judgment, however the Court still denied entry of default judgment based on the allegations in the SCAC which the Court believes to be missing certain relationships between the parties or distinct duties or claims. Plaintiffs allege that these relationships, duties, and claims have been established and could be explained in more detail, however, they should not be litigated at this stage, and should not be a cause for denial of default. Plaintiffs have shown that Defendant McFarland's default was willful and that Plaintiff's will be prejudiced if the Court denies the entry of default (Doc 114 at 10). Further, as Plaintiff's motion stated, Defendant McFarland has no defenses to Plaintiffs' claims because "[a]s a result of Defendant McFarland's default, Defendant McFarland is deemed to concede 'all well pleaded allegations of liability' with the exception of allegations that pertain to damages" (Doc 114 at 10). Therefore, Plaintiffs respectfully request the Court reconsider its order and opinion denying Plaintiff's motion for the entry of default judgment on this basis.

---

[4] Double Green Produce, Inc. v. Forum Supermarket Inc., 387 F. Supp. 3d 260, 265–66 (E.D.N.Y. 2019) (citation omitted).

## C. Plaintiff's Request Leave to Amend SCAC to provide the Court with further clarification

In the alternative, Plaintiffs request the Court grant Plaintiffs leave to amend their SCAC to allow Plaintiffs to efficiently cure any stated deficiencies. These curable deficiencies include the addition of facts alleging a special relationship of trust or confidence between the parties, a cause-and-effect relationship between the actions taken by McFarland and Fyre Media's nonperformance of its contractual duties, a distinct duty under negligence and gross negligence, a non-duplicative unjust enrichment claim, sufficient New York ties to the alleged Fyre Festival deception, a likelihood of future damages, and a clarification of the fraud claims along with damages.

"Where the possibility exists that the defect can be cured and there is no prejudice to the defendant, leave to amend at least once should normally be granted as a matter of course."[5] ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. . . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Plaintiffs respectfully request that the Court reconsider its denial once the Court reviews Plaintiff's forthcoming proposed amended complaint.

## IV.   THE COURT SHOULD RECONSIDER ITS DECISION TO DENY CLASS CERTIFICATION BECAUSE PLAINTIFF DANIEL JUNG IS AN ADEQUATE CLASS REPRESENTATIVE AND THE CLASS TYPICALITY ELEMENT IS MET

---

[5] Accord Foman v. Davis, 371 U.S. 178, 182 (1962)

A. **Plaintiffs Will Allege That Plaintiff Daniel Jung is Adequate and Qualified to Act as Class Representative in This Action and Further, Upon Improper Class Representative, Counsel Should be Allowed to Offer an Alternate Representative**

In making its order, the Court mistakenly concluded that Plaintiff Daniel Jung was a foreign national and therefore inadequate and unqualified to be a class representative. However, Plaintiff Jung is in fact a citizen of the United States of America, as stated in his concurrently filed declaration, he is dedicated to the putative class, and he therefore is qualified and meets the adequacy element to act as a class representative (See generally Daniel Jung Decl.). In order to satisfy the adequacy requirement, a class representative "must be 'aware of the basic facts underlying the lawsuit and not likely to abdicate his obligations to fellow class members.' "[6] Admittedly, "the requirement is modest: class representative status may be denied only 'where the class representatives have *so little knowledge of and involvement* in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys.' "[7] Plaintiff Daniel Jung has been in contact with Plaintiffs' counsel throughout this litigation and has expressed his desire to act as class representative and see this litigation all the way through. Plaintiff Jung has always been a United States citizen, a resident of Los Angeles, and has shown his dedication to this litigation by creating time to speak with Plaintiffs' counsel, staying apprised of the litigation, and signing documents including declarations even while he has traveled abroad. Plaintiff Jung has acted as a model class representative and has kept the interests of the class before his own.

---

[6] *In re Monster Worldwide, Inc. Sec. Litig.,* 251 F.R.D. 132, 135 (S.D.N.Y.2008).
[7] *Id.* (quoting Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 61 (2d Cir.2000)) [emphasis added]

9

Further, Plaintiffs request that should the Court find Plaintiff Jung is inadequate to be a class representative, the Court should allow counsel to present an alternate class representative for the purpose of class certification. In fact, "certification might still be in order - and there is precedent for giving plaintiffs' counsel an opportunity to do so."[8] Therefore, Plaintiff's request that the Court reconsider denial of class certification on this basis.

### B. Plaintiffs Will Allege That the Typicality Element is Met Under CAFA

The commonality and typicality requirements of Rule 23(a) tend to merge such that similar considerations inform the analysis for both prerequisites.[9] Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of [those] of the class."[10] The typicality requirement "'is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability.'"[11] "*[M]inor variations* in the fact patterns underlying [the] individual claims" do not preclude a finding of typicality.[12] By contrast, "unique defenses" that "threaten to become the focus of the litigation" may preclude such a finding.[13]

The Court points to the issue that the proposed class representative Daniel Jung has not revealed which statements he has heard or seen, when he heard or saw them or when he acted in detrimental reliance. However, Plaintiff's counsel seeks to resolve this issue by submitting a signed declaration by Daniel Jung stating that it was Defendants' advertisements on social media that Mr. Jung saw and relied upon when purchasing his Fyre Festival ticket. (Daniel Jung Decl. ¶

---

[8] Gordon v. Sonar Capital Mgmt. LLC, 92 F. Supp. 3d 193 (S.D.N.Y. 2015)
[9] Wal–Mart Stores, Inc. v. Dukes, 131 S.Ct. at 2551 n. 5; Marisol A., 126 F.3d at 376
[10] Fed.R.Civ.P. 23(a)(3)
[11] Robinson v. Metro–North Commuter R.R. Co., 267 F.3d 147, 155 (2d Cir.2001) (quoting Marisol A., 126 F.3d at 376), abrogated on other grounds by Wal–Mart, 131 S.Ct. at 2541
[12] *Robidoux v. Celani,* 987 F.2d at 936–37.
[13] *In re Flag Telecom,* 574 F.3d at 40 (citation and internal quotation marks omitted).

4, 8). Indeed, it would be impossible to pinpoint every plaintiffs' specific advertisement they saw that induced them into purchasing their ticket, however courts have agreed that "minor variations" in the fact patterns do not preclude typicality, nor should defendants be rewarded for a common scheme that was successfully executed because of the slight variations made. [14]

Defendants put together a marketing strategy feeding fraudulent ideas to potential class representative Daniel Jung, as well as the putative class, that they could purchase a ticket to Fyre Festival which would 1) take place on a private island; 2) this private island was previously owned by Pablo Escobar; 3) Fyre Festival would have a luxury atmosphere and luxury accommodations; 4) the lineup of musical guests featured at Fyre Festival would be filled with celebrity performers; 5) the cuisine at Fyre Festival would be first class; and 6) many famous models on yachts would be in attendance at Fyre Festival. Defendants meticulously crafted and curated a modern-day marketing strategy consisting of various advertisements from sources Defendants specifically sought out in order to achieve the intended goal that; 1) their Fyre Festival pitch would reach a vast majority, if not all, of Defendants' targeted market group and 2) that the advertisements would induce their targeted market group into purchasing a ticket.

Typicality clearly exists here because Defendants created their fraudulent advertisements and designed them in such a way to be seen by all and to then be shared to anyone who did not see them. Defendants' fraudulent scheme was carried out as they intended from its inception and Defendants should not be shielded from liability simply because their marketing scheme was in fact successful. Plaintiffs therefore request that the Court reconsider denial of class certification on this basis.

---

[14] *Robidoux v. Celani,* 987 F.2d at 936–37.

### C. Plaintiffs Allege That Questions Common to the Class Predominate Over Individual Questions according to Rule 23(b)(3)

Rule 23(b)(3) requires plaintiffs to show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." "Predominance is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'"[15] With respect to the commonality question, where damages among class members may differ, a class action may proceed only "if the important legal or factual issues involving liability are common to the class."[16]

On appeal, the court in *Maddicks v. Big City Properties, LLC* found that although the class claims based on alleged misrepresentation may require separate proof with respect to each plaintiff as their operative complaint ""alleges overcharges for inflated IAI increases of [various] amounts" - 136%, 97%, 82%, 104%, 113%, 33%, or 254% for various apartments..."" to focus on potential idiosyncrasies within the class claims – distinctions that speak to damages, not to liability – at this juncture would potentially be to reward bad actors who execute a common method to damage in slightly different ways."[17] The *Maddicks* court found *City of New York v. Maul* to be particularly instructive in that respect.[18] There, the plaintiffs generally alleged that the social services agencies in question failed in various training and identification tasks that injured

---

[15] Roach v. T.L. Cannon Corp., 778 F.3d 401, 405 (2d Cir. 2015) (quoting U.S. Foodservice, 729 F.3d at 118)
[16] Borden v. 400 E. 55th St. Assoc., L.P., 24 N.Y.3d at 399, 998 N.Y.S.2d 729, 23 N.E.3d 997
[17] Maddicks v. Big City Properties, LLC, 34 N.Y.3d 116, 124–25, 137 N.E.3d 456, 461–62 (2019)
[18] *Id.* at 125.

"at least 150 youngsters with developmental disabilities."[19] Although each one of the class members possessed their "own unique factual circumstances and special needs," and although "a determination regarding appropriate placements [would have] required a particularized inquiry of each [of the] plaintiff's requirements,"[20] the *Maddicks* court refused to conclude that the class could not be certified as a matter of law.

The common method of misrepresentation Defendants effectuated here should be treated no differently. The Court points to the fact that Plaintiffs collectively relied on the statements and advertisements made by Defendant McFarland's Fyre Festival. These statements and advertisements collectively induced Plaintiffs to spend money on Defendant McFarland's Fyre Festival. Simply because each plaintiff's damages resulted in different monetary amounts in the end should not distract the Court from the crux of this litigation, which was the means Defendants used to lead them there. More so, the question of at what time Defendant McFarland's statements and advertisements regarding Fyre Festival began to be fraudulent is common to all of the Plaintiffs in the proposed class, and will necessarily decide the case. Such a question is more substantial than the issues subject only to individualized proof and as such, Plaintiffs should be given the opportunity as a class to elaborate further.

Therefore, Plaintiff's request that the Court reconsider denial of class certification on this basis.

## V. CONCLUSION

For the reasons alleged herein, Plaintiffs respectfully request that the Court reconsider its Order and Opinion denying class certification and entry of default judgment as to defendant William McFarland and as such, GRANT their Motion for Reconsideration in full.

---

[19] City of New York v. Maul, 14 N.Y.3d 499, 903 N.Y.S.2d 304, 929 N.E.2d 366 [2010]
[20] *Id.* at 512, 903 N.Y.S.2d 304, 929 N.E.2d 366

Alternatively, Plaintiff requests that the Court grant leave to amend the Operative Complaint given that under Rule 15(a), leave to amend "shall be freely given when justice so requires." In the absence of prejudice or surprise to the opposing party, a motion for leave to amend a complaint should be freely granted unless the proposed amendment is "palpably insufficient" to state a cause of action or is patently devoid of merit.[21]

First, the Court can easily conclude no prejudice or surprise will be cast upon Defendants given the fact that Plaintiffs' counsel wishes to amend mere technical terms for purpose of clarification, not to add in completely new causes of action. More so, given the unique posture of this case, with its MDL transfer and the incarceration of the Defendant, the passing of time since this case was originally filed in the Central District of California, and requesting a default judgment against Defendant McFarland, surprise to defendants does not seem likely.

Second, given the supporting case law and facts laid out in this memorandum, Daniel Jung's declaration, and the submitted witness and exhibit lists, the amendments Plaintiffs propose are nowhere near devoid of merit. In fact, the additions requested are to clarify certain issues addressed in the Court's Order which will further highlight their merit.

Lastly, if the Court still believes Mr. Jung's temporary departure from the United States renders him not capable of being a class representative, we request the opportunity to add a new class representative from the hundreds of victims we have been in communication with given that, "certification might still be in order - and there is precedent for giving plaintiffs' counsel an opportunity to do so."[22] However we are confident that an Amended Complaint can also address

---

[21] Lucido v. Mancuso, 49 A.D.3d 220, 229, 851 N.Y.S.2d 238
[22] Gordon v. Sonar Capital Mgmt. LLC, 92 F. Supp. 3d 193 (S.D.N.Y. 2015)

any inadequacies in the pleadings identified by the Court. We can submit an Amended

Complaint within 10 days of any Court Order permitting us to do so.[23]

Dated: December 17, 2020                         Respectfully submitted,

                                                 GERAGOS & GERAGOS, APC

                                                 By: /S/ *Benjamin J. Meiselas*

                                                 Benjamin J. Meiselas
                                                 Attorneys for Plaintiffs
                                                 644 South Figueroa Street
                                                 Los Angeles, CA 90017
                                                 United States of America
                                                 Tel: (213) 625-3900
                                                 Fax: (213) 232-3255
                                                 geragos@geragos.com

---

[23] If this Motion for Reconsideration and or in the Alternative Leave to Amend is not granted, we request clarification as to whether the class certification is denied, in which case potential jurisdictional issues would come into play. As noted in our letter brief filed concurrently herewith, this matter was transferred via MDL with jurisdiction premised on the Class Action Fairness Act as each of the individual claims do not exceed $75,000 each and there would be no complete diversity.