Application GRANTED.

So Ordered: /s/ _____
Hon. P. Kevin Castel, U.S.D.J.
11-2-21

*Work out logistics with the Court's Audio Visual Department*

# GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 South Figueroa Street
Los Angeles, California 90017-3411
Telephone (213) 625-3900
Facsimile (213) 625-1600
Geragos@Geragos.com

November 1, 2021

**Via ECF**
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>In Re: Fyre Festival Litigation</u>, Civil Action No. 1:17-cv-03296 (PKC)
Letter Brief Re Expedited Application Under Fed. R. Civ. P. 43(a) for Witness Testimony Via Video Transmission

Dear Judge Castel,

Please allow this to serve as an expedited request for Plaintiff Matthew Herlihy to testify via video conference at the upcoming hearing on November 4, 2021 at 11:30 AM ET. As detailed below, Mr. Herlihy is not able to attend the hearing in person to provide live testimony but has indeed met the standard set forth under Rule 43(a) of the Federal Rules of Civil Procedure to allow for his testimony via zoom video conference.

Rule 43(a) states as follows, "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." As to safeguards, the drafters cautioned that "[s]afeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness" and that "[a]ccurate transmission likewise must be assured." Fed. R. Civ. Pro. 43(a), Advisory Committee Note.

Under this rule, it is well established that a witness is permitted to provide live remote testimony when said witness sets forth circumstances that – in good faith – prevent their appearance in person. The drafters of Rule 43(a) make clear that remote video testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Id. Instead, the witness must establish a true and clear reason for their physical unavailability in order to be afforded their requested relief.

Page 2  
In Re: Fyre Festival Litigation  
Civil Action No. 1:17-cv-03296 (PKC)  
November 1, 2021

**GERAGOS & GERAGOS**  
A Professional Corporation  
Lawyers

Here, Plaintiff Herlihy has expressed his desire to attend the hearing and provide live testimony. Although he lives in New York, he has made clear that he will be away on Thursday, November 4th for a business trip to Chicago. He is unable to rearrange this trip or otherwise postpone his flights so the only way he can testify at this hearing is via video conference. He explained that he can adjust his work day to be available for one hour on November 4th at or around 11:30 AM ET to testify via video conference. For purposes of identification, he will have materials ready to be produced at the hearing to verify his identity.

Based on the foregoing, Plaintiff Herlihy has shown good cause and compelling circumstances for the Court to allow their testimony to be presented via video transmission. Therefore, Plaintiff respectfully requests the Court approve the instant expedited application under Rule 43(a) of the Federal Rules of Civil Procedure to allow Plaintiff Herlihy to testify via video transmission at the upcoming November 4, 2021 hearing.

We appreciate your attention to this matter.

Very truly yours,

/s/ Daniel Lust

Daniel Lust  
Attorney for Plaintiffs  
GERAGOS & GERAGOS