# GERAGOS & GERAGOS

A PROFESSIONAL CORPORATION
LAWYERS
HISTORIC ENGINE CO. NO. 28
644 South Figueroa Street
Los Angeles, California  90017-3411
Telephone  (213) 625-3900
Facsimile  (213) 625-1600
Geragos@Geragos.com

November 2, 2021

*[Handwritten: Plaintiff is responsible for logistics. Application granted. So ORDERED / signature / USDJ / 11-3-21]*

**<u>Via ECF</u>**
Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>In Re: Fyre Festival Litigation, Civil Action No. 1:17-cv-03296 (PKC)</u>
<u>Letter Brief Re Expedited Application Under Fed. R. Civ. P. 43(a) for Witness</u>
<u>Testimony Via Video Transmission</u>

Dear Judge Castel,

Please allow this to serve as an expedited request for Plaintiff Zenovia Pittas to testify via video conference at the upcoming hearing on November 4, 2021 at 11:30 AM ET. As detailed below, Ms. Pittas is not able to attend the hearing in person to provide live testimony but has indeed met the standard set forth under Rule 43(a) of the Federal Rules of Civil Procedure to allow for her testimony via zoom video conference.

Rule 43(a) states as follows, "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." As to safeguards, the drafters cautioned that "[s]afeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness" and that "[a]ccurate transmission likewise must be assured." Fed. R. Civ. Pro. 43(a), Advisory Committee Note.

Under this rule, it is well established that a witness is permitted to provide live remote testimony when said witness sets forth circumstances that – in good faith – prevent their appearance in person. The drafters of Rule 43(a) make clear that remote video testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." Id. Instead, the witness must establish a true and clear reason for their physical unavailability in order to be afforded their requested relief.

Page 2
In Re: Fyre Festival Litigation
Civil Action No. 1:17-cv-03296 (PKC)
November 1, 2021

GERAGOS & GERAGOS
A PROFESSIONAL CORPORATION
LAWYERS

Plaintiff Pittas is not able to attend the November 4, 2021 hearing live and in person for multiple reasons. Plaintiff Pittas currently resides in London, England and due to the global covid-19 pandemic, is not able to safely travel to New York for the hearing without endangering Plaintiff and Plaintiff's vulnerable family members. In addition, Plaintiff Pittas has expressed that traveling to New York for a hearing on short notice would be prohibitively expensive not to mention that her work would not permit her to take off multiple days of work to physically attend the hearing. Therefore, we are respectfully requesting the court grant this accommodation and accept her live video testimony in lieu of an in person appearance.

Based on the foregoing, Plaintiff Pittas has shown good cause and compelling circumstances for the Court to allow their testimony to be presented via video transmission. Therefore, Plaintiff respectfully requests the Court approve the instant expedited application under Rule 43(a) of the Federal Rules of Civil Procedure to allow Plaintiff Pittas to testify via video transmission at the upcoming November 4, 2021 hearing.

We appreciate your attention to this matter.

Very truly yours,

/s/ Daniel Lust

Daniel Lust
Attorney for Plaintiffs
GERAGOS & GERAGOS